**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KATERINA SPANGLER and CHRISTOPHER TURNER as parents and natural guardians of L.T., a minor, and individually in their own right** 318 North High Street Martensburg, WV  25404 | **CASE NO.:** _____ |
| **Plaintiffs** | **CIVIL ACTION** |
| **v.** | **JURY TRIAL DEMANDED** |
| **CHARLES H. MARKS, D.O.** 47 Gettys Street Gettysburg, PA 17325 | |
| **and** | |
| **KATHERINE E. JOHNSON, CNM** 47 Gettys Street Gettysburg, PA 17325 | |
| **and** | |
| **THE GETTYSBURG HOSPITAL d/b/a WELLSPAN GETTSBURG HOSPITAL** 47 Gettys Street Gettysburg, PA 17325 | |
| **Defendants.** | |

<u>**CIVIL ACTION-COMPLAINT**</u>

**I.      NATURE OF ACTION**

1.      Plaintiffs, Katerina Spangler and Christopher Turner, as parents and natural guardians of L.T., a minor, and individually in their own right, bring this medical malpractice action against Defendants Charles H. Marks, D.O., Katherine E. Johnson, CNM and The

Gettysburg Hospital d/b/a Wellspan Gettysburg Hospital as a result of an incident involving the labor and delivery of their minor son, L.T., on July 12, 2020.

2.      As a result of the negligent acts and omissions of the defendants, L.T. suffered serious and life altering injuries, more fully described herein.  Plaintiff-parents Katerina Spangler and Christopher Turner also bring claims for emotional distress and economic damages.

## II.   PARTIES

3.      Plaintiffs, Katerina Spangler and Christopher Turner, as parents and natural guardians of L.T., a minor, and individually in their own right, are adult citizens of West Virginia residing at 318 North High Street, Martinsburg, WV 25404.

4.      Defendant Charles H. Marks, D.O. (hereafter "Dr. Marks") is a is an individual and duly licensed and practicing OBGYN with a business address of 47 Gettys Street, Gettysburg, PA 17325.

5.      At all relevant times hereto, defendant Dr. Marks undertook the care of Plaintiff Katerina Spangler and her minor son, L.T.

6.      At all relevant times hereto, defendant Dr. Marks was engaged in the practice of obstetrics and gynecology, pursuant to his specialty, and was obliged to bring to bear in the practice of his profession the professional skill, knowledge, and care which he possessed and to pursue his profession in accordance with reasonably safe and accepted standards of medicine.

7.      Plaintiff is asserting a professional liability claim against defendant Dr. Marks.  A Certificate of Merit is attached hereto as Exhibit "A."

8.      Defendant Katherine E. Johnson, CNM (hereafter "Nurse Midwife Johnson") is a is an individual and duly licensed and practicing midwifery with a business address of 47 Gettys Street, Gettysburg, PA 17325.

9.     At all relevant times hereto, defendant Nurse Midwife Johnson undertook the care of Plaintiff Katerina Spangler and her minor son, L.T.

10.     At all relevant times hereto, defendant Nurse Midwife Johnson was engaged in the practice of midwifery, pursuant to her specialty, and was obliged to bring to bear in the practice of her profession the professional skill, knowledge, and care which she possessed and to pursue her profession in accordance with reasonably safe and accepted standards of midwifery medicine.

11.     Plaintiff is asserting a professional liability claim against defendant Nurse Midwife Johnson.  A Certificate of Merit is attached hereto as Exhibit "B."

12.     Defendant The Gettysburg Hospital d/b/a WellSpan Gettysburg Hospital (otherwise referred to as "Gettysburg Hospital"), is a professional corporation or other legal entity incorporated under the laws of the Commonwealth of Pennsylvania, that at all relevant times had a business address of 47 Gettys Street, Gettysburg, PA 17325, and at all relevant times was engaged in the provision of medical care and services to Plaintiff Katerina Spangler and her minor son, L.T.

13.     At all relevant times, defendant The Gettysburg Hospital d/b/a WellSpan Gettysburg Hospital owned, maintained, operated and/or controlled a hospital and employed various physicians, fellows, residents, interns, physician assistants, nurse practitioners, nurses, technicians and other agents, servants, and employees, including but not limited to defendants Dr. Marks and Nurse Midwife Johnson, who purportedly possessed skill and training for the purpose of providing medical care and services to Plaintiff Katerina Spangler and her minor son, L.T.

14.     The claims asserted against defendant The Gettysburg Hospital d/b/a WellSpan Gettysburg Hospital are for the professional negligence of its actual, apparent and/or ostensible agents, servants and employees, physicians, fellows, residents, interns, physician assistants, nurse practitioners, nurses, technicians, including but not limited to defendants Dr. Marks and Nurse Midwife Johnson, who participated in the labor and delivery of L.T. on July 12, 2020 and who at all times were acting within the course and scope of defendant's agency and/or employment with defendant and under its exclusive control.

15.     Defendant The Gettysburg Hospital d/b/a WellSpan Gettysburg Hospital is responsible for physicians, fellows, residents, interns, physician assistants, nurse practitioners, nurses, technicians and other agents, servants, and employees, including but not limited to defendants Dr. Marks and Nurse Midwife Johnson, and owes a duty of care to Plaintiff Katerina Spangler and her minor son, L.T.

16.     Defendant The Gettysburg Hospital d/b/a WellSpan Gettysburg Hospital is liable for the negligent acts or omissions of its servants, employees, and actual or ostensible agents under theories of respondeat superior, master-servant, agency, and right of control.

17.     Defendant The Gettysburg Hospital d/b/a WellSpan Gettysburg Hospital is liable for the negligent acts or omissions of any agents, servants and employees who participated in, were consulted about or were otherwise responsible for caring of Plaintiff Katerina Spangler and/or L.T. on July 12, 2020 but whose names and/or handwriting are indecipherable, are not known or knowable to Plaintiffs after reasonable investigation and will require additional discovery from defendants.

18.     Plaintiff is asserting a professional liability claim against defendant The Gettysburg Hospital d/b/a WellSpan Gettysburg Hospital.  A Certificate of Merit is attached hereto as Exhibit "C."

19.     Defendants Dr. Marks, Nurse Midwife Johnson and Gettysburg Hospital will hereinafter collectively be referred to as the "Defendants."

20.     At all relevant times, a physician-patient relationship existed between Plaintiff Katerina Spangler, L.T. and Defendants.

21.     At all relevant times, Plaintiff Katerina Spangler and L.T. were under the medical and professional care, treatment and attendance of Defendants, directly or indirectly, through their agents, servants, and/or employees, who participated in their care as described herein.

22.     At all relevant times, Defendants undertook and/or assumed a duty to Plaintiff Katerina Spangler and L.T. to provide them with timely and appropriate medical care, management and treatment in connection with her presenting condition, and to avoid the risk of harm and additional injury.

23.     At all relevant times, Defendants had actual or constructive knowledge of the medical and professional care and treatment provided to Plaintiff Katerina Spangler and L.T., as recited herein.

24.     The carelessness and negligence of Defendants and each of them, jointly and severally, as described herein, increased the risk of harm to Plaintiffs and did, in fact, cause them to suffer serious injuries and damages.

25.     At all relevant times,  Plaintiffs relied on the knowledge, care, skill, treatment and advice of the Defendants in connection with the medical and professional care and treatment provided to Plaintiff Katerina Spangler and L.T. on July 12, 2020.

### III.    JURSIDICTION AND VENUE

26.    Jurisdiction for this action is conferred on The United States District Court for the Middle District of Pennsylvania under 28 U.S.C. § 1332 (a)(1).

27.    The amount in controversy exceeds seventy-five thousand dollars ($75,000) pursuant to 28 U.S.C. § 1332 (a).

28.    A jury trial is demanded.

29.    Venue is properly laid in the Middle District of Pennsylvania because the witnesses and incident location are all common to Adams County.

### IV.    OPERATIVE FACTS COMMON TO ALL COUNTS

31.    On July 12, 2020 at 0906, Plaintiff Katerina Spangler was in labor with her first child, L.T., and presented to Gettysburg Hospital.  At the time of her arrival at the hospital, she was dilated approximately 4-5 cm.

32.    During the course of her labor at Gettysburg Hospital, she was followed by Midwife Johnson and OBGYN physician Dr. Marks.

33.    Ms. Spangler's dilation was progressing slowly, and a decision was made by Midwife Johnson and/or Dr. Marks to augment her labor by administering IV Pitocin.

34.    During Ms. Spangler's labor, baby L.T.'s heart rate was monitored.

35.    Starting at around 1324, the fetal heart rate (FHR) tracings started showing late decelerations, which are signs of fetal distress.

36.    At 1456, a prolonged deceleration occurred, which again is a sign of fetal distress.

37.    Delivery is indicated when abnormal fetal heart rates affect the health of the unborn baby.

38.     A delay between the decision to deliver and delivery can significantly and permanently affect the health of the newborn.

39.     When there are concerning fetal heart rates, medical providers attending to the mother-to-be, must take interventions to improve uteroplacental perfusion and maternal/fetal oxygenation.

40.     Midwife Johnson and Dr. Marks failed to properly, timely and adequately appreciate, diagnose, treat, intervene and act upon these "warning signs" of fetal distress during the course of Ms. Spangler's labor.

41.     In light of Ms. Spangler's protracted dilation, descent of baby L.T., and ongoing and worsening FHR tracings after 1456, Midwife Johnson should have communicated with Dr. Marks and recommended delivery of L.T.

42.     Despite Ms. Spangler's protracted dilation, descent of baby L.T., and ongoing and worsening FHR tracings after 1456, Dr. Marks should have ordered and performed an emergency c-section to deliver baby L.T.

43.     Midwife Johnson further failed to call Dr. Marks to the patient's bedside after prolonged decelerations were specifically noted, *inter alia*, at around 1456, 1754, 1912-1915, and 2012.

44.     Infusion of Ms. Spangler's Pitocin was continued by Midwife Johnson and Dr. Marks.

45.     At approximately 2031, Ms. Spangler began pushing.  Abnormal FHR tracings were noted, but  Midwife Johnson did not call Dr. Marks to the bedside to check position and evaluate FHR tracings.

46.     Descent of baby L.T. was proving difficult by 2148, and again, Ms. Spangler should not have been considered a candidate for vaginal delivery.  However, a c-section was not recommended and/or ordered and/or performed.

47.     Late decelerations were again noted at 2200 while Ms. Spangler was pushing, but Midwife Johnson still did not call and update Dr. Marks until 2231.

48.     Pitocin again should have been stopped by this time, but it was not discontinued until 2309.

49.     After recognizing the difficult of baby L.T.'s descent in the birth canal, Dr. Marks recommended to Ms. Spangler and Mr. Turner that he use forceps to deliver L.T. and said the forceps "would be no risk to the baby."  With only that incomplete explanation of the risks and complications, the parents agreed to proceed.

50.     Dr. Marks failed to recognize that Ms. Spangler was not a candidate for forceps and deliver.

51.     More egregiously, Dr. Marks improperly applied the forceps on baby L.T., crushing his skull, head, face and eyes, which new parents, Katerina Spangler and Christopher Turner, witnessed in horror.

52.     Delivery of baby L.T. occurred at 2324.

53.     Due to baby L.T.'s severe injuries, he was transferred to Hershey Medical Center for further specialized care and management.

54.     During what otherwise should have been a joyous time for the Spangler/Turner family, who had been anxiously awaiting the arrival of their first child, defendants' carelessness and negligence caused injuries and damages as enumerated in Plaintiffs' First Cause of Action.

55.    These failures of defendants substantially increased the risk of harm to Plaintiffs.

56.    Defendants, individually and/or jointly, are liable for the harm suffered by Plaintiffs.

## V.    DAMAGES

57.    As a direct result of the tortious conduct of Defendants, L.T. suffered the following permanent, severe and disabling personal injuries and damages, including but not limited to:

a.    forceps injury;

b.    scleral hemorrhage of both eyes;

c.    damage to skull, face and eyes;

d.    laceration to head, face and eyes;

e.    edema of head, face and eyes;

f.    bruising of head, face and eyes;

g.    fetal distress in utero;

h.    neurological damage;

i.    developmental delays;

j.    hypoxic brain injury;

k.    need for lifetime medical care, therapies, medication, assistive devices and other services;

l.    pain and suffering;

m.    physical and emotional distress;

n.    terror;

o.    panic;

p.    fear;

q.    disfigurement;

r.    humiliation;

s.    medical expenses;

t.    incidental and other expenses;

u.    economic damages;

v.      mental anguish;

w.      loss of life's pleasures; and

x.      other injuries and conditions documented in L.T.'s medical records.

58.     As a direct result of the tortious conduct of Defendants, Plaintiffs Katerina Spangler and Christopher Turner suffered the following injuries, including but not limited to:

a.      emotional distress;

b.      mental anguish;

c.      panic;

d.      fear;

e.      depression;

f.      psychological trauma;

g.      PTSD;

h.      medical expenses;

i.      incidental and other expenses;

j.      economic damages;

k.      loss of life's pleasures; and

l.      other injuries and conditions documented in Plaintiff's medical records.

59.     The economic and non-economic injuries, damages and losses suffered by Plaintiffs were caused solely and exclusively by the negligence of defendants and/or their agents, servants and employees, as described herein, jointly and severally, and were not caused or contributed to by any act or failure to act on the part of Plaintiffs.

## COUNT ONE – NEGLIGENCE
### PLAINTIFFS v. DEFENDANT CHARLES H. MARKS, D.O.

60.     The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

61.     The injuries to Plaintiffs were the direct result of the negligence and carelessness of Defendant Dr. Marks, which consisted of the following:

a.      failure to properly, timely and adequately appreciate, diagnose and address Plaintiff Katerina Spangler's protraction of dilation during labor of L.T., causing fetal distress to L.T.;

b.      failure to properly, timely and adequately appreciate, diagnose and address Plaintiff Katerina Spangler's protraction of descent during labor of L.T., causing fetal distress to L.T.;

c.      failure to timely and adequately appreciate, diagnose and address Plaintiff Katerina Spangler's abnormal FHR tracings during labor of L.T., causing fetal distress to L.T.;

d.      failure to properly, adequately and sufficiently employ interventions to improve uteroplacental perfusion and maternal/fetal oxygenation to address Plaintiff Katerina Spangler's abnormal FHR tracings;

e.      failure to properly, timely and adequately appreciate, diagnose and address L.T.'s fetal distress during labor and delivery;

f.      failure to properly and timely failure to properly, adequately and sufficiently manage Pitocin during labor;

g.      failure to properly, timely appreciate emergent need to deliver L.T. by c-section on July 12, 2020, when abnormal FHR tracings were present, ongoing and worsening;

h.      failure to properly and timely appreciate emergent risk of fetal anoxia to L.T. when abnormal FHR tracings were present, ongoing and worsening;

i.      failure to properly, timely and promptly deliver L.T. by c-section on July 12, 2020 when abnormal FHR tracings were present, ongoing and worsening;

j.      failure to properly and adequately inform Plaintiffs of the risks and complications of applying forceps to deliver L.T.;

k.      failure to properly apply forceps during delivery of L.T.;

l.      failure to properly, timely and adequately consult with nursing staff, including Nurse Midwife Johnson, during labor of L.T. on progression of labor and abnormal FHR tracings; and

m.    failure to conform to the requisite medical and obstetrical standards of care at the time and treatment of Plaintiff Katerina Spangler and L.T. on July 12, 2020.

62.    The foregoing negligence of the above-identified defendant increased the risk of harm to Plaintiffs.

63.    As a direct and proximate result of the negligent acts and omissions of the above-identified defendant, Plaintiff L.T. was deprived of necessary, timely and appropriate evaluation, diagnosis, treatment and management of the labor and delivery process.

64.    As a direct and proximate result of the negligence of the above-identified defendant Plaintiff L.T. suffered catastrophic injuries, as described herein Plaintiffs' Damages section of the Complaint.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, for all actual and compensatory damages in an amount in excess of the prevailing federal arbitration limit and for any other further relief as this Honorable Court and/or jury may deem just and proper.

## <u>COUNT TWO – NEGLIGENCE</u>
### PLAINTIFFS v. DEFENDANT KATHERINE E. JOHNSON, CNM

65.    The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

66.    The injuries to Plaintiffs were the direct result of the negligence and carelessness of Defendant Nurse Midwife Johnson, which consisted of the following:

a.    failure to properly, timely and adequately appreciate, diagnose and address Plaintiff Katerina Spangler's protraction of dilation during labor of L.T., causing fetal distress to L.T.;

b.    failure to properly, timely and adequately appreciate, diagnose and address Plaintiff Katerina Spangler's protraction of descent during labor of L.T., causing fetal distress to L.T.;

c.   failure to timely and adequately appreciate, diagnose and address Plaintiff Katerina Spangler's abnormal FHR tracings during labor of L.T., causing fetal distress to L.T.;

d.   failure to properly, adequately and sufficiently employ interventions to improve uteroplacental perfusion and maternal/fetal oxygenation to address Plaintiff Katerina Spangler's abnormal FHR tracings;

e.   failure to properly, timely and adequately appreciate, diagnose and address L.T.'s fetal distress during labor and delivery;

f.   failure to properly and timely failure to properly, adequately and sufficiently manage Pitocin during labor;

g.   failure to properly, timely appreciate emergent need to deliver L.T. by c-section on July 12, 2020, when abnormal FHR tracings were present, ongoing and worsening;

h.   failure to properly and timely appreciate emergent risk of fetal anoxia to L.T. when abnormal FHR tracings were present, ongoing and worsening;

i.   failure to properly, timely and promptly recommend delivery of L.T. by c-section on July 12, 2020 when abnormal FHR tracings were present, ongoing and worsening;

j.   failure to timely and adequately inform attending physicians, including Dr. Marks, of abnormal fetal heart rates;

k.   failure to timely and adequately inform attending physicians, including Dr. Marks, of protraction of dilation during labor of L.T.;

l.   failure to timely and adequately inform attending physicians, including Dr. Marks, of protraction of descent during labor of L.T.; and

m.   failure to conform to the requisite midwifery medicine standards of care at the time and treatment of Plaintiff Katerina Spangler and L.T. on July 12, 2020.

67.   The foregoing negligence of the above-identified defendant increased the risk of harm to Plaintiffs.

68.   As a direct and proximate result of the negligent acts and omissions of the above-identified defendant, Plaintiff L.T. was deprived of necessary, timely and appropriate evaluation,

diagnosis, treatment and management of the labor and delivery process.

69.     As a direct and proximate result of the negligence of the above-identified defendant Plaintiff L.T. suffered catastrophic injuries, as described herein Plaintiffs' Damages section of the Complaint.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, for all actual and compensatory damages in an amount in excess of the prevailing federal arbitration limit and for any other further relief as this Honorable Court and/or jury may deem just and proper.

<u>**COUNT THREE – NEGLIGENCE**</u><br>**PLAINTIFFS v. DEFENDANT THE GETTYSBURG HOSPITAL**<br>**d/b/a WELLSPAN GETTSBURG HOSPITAL**

70.     The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

71.     Defendant Gettysburg Hospital is vicariously liable for the negligent and careless acts of defendant's agents, ostensible agents, servants, and/or employees whose identities, except for the medical providers named herein, are known only to defendant, and the negligence and careless acts consisted of one or more of the following:

      a.      failure to properly, timely and adequately appreciate, diagnose and address Plaintiff Katerina Spangler's protraction of dilation during labor of L.T., causing fetal distress to L.T.;

      b.      failure to properly, timely and adequately appreciate, diagnose and address Plaintiff Katerina Spangler's protraction of descent during labor of L.T., causing fetal distress to L.T.;

      c.      failure to timely and adequately appreciate, diagnose and address Plaintiff Katerina Spangler's abnormal FHR tracings during labor of L.T., causing fetal distress to L.T.;

      d.      failure to properly, adequately and sufficiently employ interventions to improve uteroplacental perfusion and maternal/fetal oxygenation to address Plaintiff Katerina Spangler's abnormal FHR tracings;

e.       failure to properly, timely and adequately appreciate, diagnose and address L.T.'s fetal distress during labor and delivery;

f.       failure to properly and timely failure to properly, adequately and sufficiently manage Pitocin during labor;

g.       failure to properly, timely appreciate emergent need to deliver L.T. by c-section on July 12, 2020, when abnormal FHR tracings were present, ongoing and worsening;

h.       failure to properly and timely appreciate emergent risk of fetal anoxia to L.T. when abnormal FHR tracings were present, ongoing and worsening;

i.       failure to properly, timely and promptly recommend delivery of L.T. by c-section on July 12, 2020 when abnormal FHR tracings were present, ongoing and worsening;

j.       failure to timely and adequately inform attending physicians, including Dr. Marks, of abnormal fetal heart rates;

k.       failure to timely and adequately inform attending physicians, including Dr. Marks, of protraction of dilation during labor of L.T.;

l.       failure to timely and adequately inform attending physicians, including Dr. Marks, of protraction of descent during labor of L.T.;

m.       failure to conform to the requisite midwifery medicine standards of care at the time and treatment of Plaintiff Katerina Spangler and L.T. on July 12, 2020;

n.       failure to properly, timely and promptly deliver L.T. by c-section on July 12, 2020 when abnormal FHR tracings were present, ongoing and worsening;

o.       failure to properly and adequately inform Plaintiffs of the risks and complications of applying forceps to deliver L.T.;

p.       failure to properly apply forceps during delivery of L.T.;

q.       failure to properly, timely and adequately consult with nursing staff, including Nurse Midwife Johnson, during labor of L.T. on progression of labor and abnormal FHR tracings; and

r.    failure to conform to the requisite medical and obstetrical standards of care at the time and treatment of Plaintiff Katerina Spangler and L.T. on July 12, 2020.

72.    The foregoing negligence of the above-identified defendant increased the risk of harm to Plaintiffs.

73.    As a direct and proximate result of the negligent acts and omissions of the above-identified defendant, Plaintiff L.T. was deprived of necessary, timely and appropriate evaluation, diagnosis, treatment and management of the labor and delivery process.

74.    As a direct and proximate result of the negligence of the above-identified defendant Plaintiff L.T. suffered catastrophic injuries, as described herein Plaintiffs' Damages section of the Complaint.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, for all actual and compensatory damages in an amount in excess of the prevailing federal arbitration limit and for any other further relief as this Honorable Court and/or jury may deem just and proper.

## COUNT FOUR – CORPORATE NEGLIGENCE
### PLAINTIFFS v. DEFENDANT THE GETTYSBURG HOSPITAL d/b/a WELLSPAN GETTSBURG HOSPITAL

75.    The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

76.    In addition to the derivative and vicarious liability of Defendant Gettysburg Hospital for the negligent acts and omissions of its agents, servants and employees whose identities, except for the medical providers identified herein, are known only to defendant, Defendant owed direct and non-delegable duties to Plaintiffs under the tenets set forth in *Thompson v. Nason*, 591 A.2d 709 (Pa. 1991) and its progeny of case law, including *Welsh v.*

*Bulger,* 698 A.2d 581 (Pa. 1997) and *Whittington v. Woods,* 768 A.2d 1144 (Pa. Super. Ct. 2001).

77. The above-identified defendant's duties included: (1) a duty to use reasonable care in the maintenance of safe and adequate facilities and equipment; (2) a duty to select and retain only competent physicians; (3) a duty to oversee all persons who practice medicine within its walls as to patient care; and (4) a duty to formulate, adopt and enforce adequate rules and policies to ensure quality care for patients.

78. The above-identified defendant had a duty to Plaintiffs to exercise reasonable care in the appointment and reappointment of medical staff, including physicians, midwives, and nurses.

79. The above-identified defendant had a duty to Plaintiffs to provide reasonable and competent medical care and services and to avoid conduct that would increase the risk of harm and/or in fact cause harm to its patients.

80. The above-identified defendant knew or should have known that the physicians, midwives and nurses assigned to Plaintiff Katerina Spangler and L.T. were not qualified to provide competent medical care and treatment.

81. The above-identified defendant had an obligation to formulate, adopt and enforce adequate labor and delivery policies and procedures to ensure the safe and appropriate treatment of Plaintiff Katerina Spangler and L.T.

82. The above-identified defendant was negligent in failing to supervise and monitor the medical care and treatment rendered to Plaintiff Katerina Spangler and L.T. when it knew or should have known that the physicians, midwives and nurses assigned, who were charged with and responsible for the labor and delivery of L.T., did not possess the requisite training, skill,

knowledge and/or competency to properly care for Plaintiff Katerina Spangler and L.T.

83.   The above-identified defendant was negligent in failing to properly determine the qualifications and proficiencies of those physicians, midwives and nurses involved in the care of Plaintiff Katerina Spangler and L.T. on July 12, 2020.

84.   The corporate negligence of the above-identified defendant, arising out of the medical care and treatment provided and/or negligently provided to Plaintiff Katerina Spangler and L.T. on July 12, 2020, consisted of the following:

i.    failing to have physicians, midwives and nurses appropriate in number, training, and/or experience to make appropriate and timely decisions with respect to the evaluation, diagnosis, treatment and management of protracted dilation, protracted descent and ongoing and worsening abnormal FHR tracings during the labor of L.T.;

ii.   failing to have physicians, midwives and nurses appropriate in number, training, and/or experience to promptly and properly recognize signs and symptoms of fetal distress during the labor of L.T.;

iii.  failing to have physicians, midwives and nurses appropriate in number, training, and/or experience to timely, properly, and adequately recommend, order and perform an emergency c-section when there is protracted dilation, protracted descent and ongoing and worsening abnormal FHR tracings detected during the labor of L.T.;

iv.   failing to ensure that L.T. received appropriate attention from fully trained and experienced physicians, midwives and nursing staff able to make appropriate and timely decisions regarding the evaluation, diagnosis, treatment and management of protracted dilation, protracted descent, ongoing and worsening abnormal FHR tracings and fetal distress during the labor of L.T.;

v.    failing to ensure that L.T. received appropriate attention from a fully trained and experienced physician able to properly apply forceps during delivery of L.T.;

vi.   failing to oversee all physician, midwives and nurses within its walls as to patient care to assure that Plaintiff Katerina Spangler and L.T. were appropriately and timely evaluated, assessed, managed during labor and delivery;

      vii.    failing to formulate, adopt and enforce adequate policies and procedures to ensure quality patient care, including written policies and procedures regarding:

      (1)    appropriate, reasonable, prompt and/or timely identification, evaluation, management and/or intervention of ongoing and worsening FHR tracings;

      (2)    appropriate, reasonable, prompt and/or timely identification, evaluation, management and/or intervention of protracted dilation;

      (3)    appropriate, reasonable, prompt and/or timely identification, evaluation, management and/or intervention of protracted descent;

      (4)    appropriate, reasonable, prompt and/or timely identification, evaluation, management and/or intervention of fetal heart decelerations;

      (5)    appropriate, reasonable, prompt and/or timely identification, evaluation, management and/or intervention of ongoing and worsening fetal distress;

      (6)    appropriate, reasonable, prompt and/or timely reporting of abnormal FHR tracings by nurses and midwives to physicians caring for patient;

      (7)    appropriate, reasonable, prompt and/or timely evaluation by physicians of a patient when abnormal FHR tracings are present, ongoing and worsening; and

      (8)    proper application of forceps during delivery.

85.    In violation of the accepted standards of care, the above-identified defendant did not have adequate policies or procedures implemented in July 2020, as described above, and/or if such policies were in place, the above-identified defendant failed to ensure that its physicians, midwives, and nursing staff were aware of, familiar with and followed such policies.

86.    The above-identified defendant knew or should have known that it did not have adequate written policies and procedures in place, as described above.

87.    The above-identified defendant knew or should have known that its physicians, midwives, and nursing staff were not familiar with and/or failed to follow the hospital's written policies and procedures with respect to the matters described above, to the extent that they existed.

88.    The above-identified defendant knew or should have known that its physicians, midwives, and nursing staff did not possess the adequate training, skill or knowledge in the evaluation and management of patients, like Plaintiff Katerina Spangler and L.T.

89.    The foregoing corporate negligence of the above-identified defendant increased the risk of harm to Plaintiffs.

90.    As a direct and proximate result of the corporate negligence of the above-identified defendant, Plaintiff L.T. was deprived of necessary, timely and appropriate evaluation, diagnosis, treatment and management of the labor and delivery process.

91.    As a direct and proximate result of the corporate negligence of the above-identified defendant Plaintiff L.T. suffered catastrophic injuries, as described herein Plaintiffs' Damages section of the Complaint.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, for all actual and compensatory damages in an amount in excess of the prevailing federal arbitration limit and for any other further relief as this Honorable Court and/or jury may deem just and proper.

### COUNT FIVE - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### PLAINTIFF KATERINA SPANGLER v. ALL DEFENDANTS

65.    The previous paragraphs are incorporated by reference as though fully set forth at length herein.

66.     Plaintiff witnessed the medical negligence during the labor and delivery of her minor son, L.T., as described herein, and she has been caused to suffer permanent psychological and physical harm, severe emotional and physical distress, depression, anxiety, mental anguish and shock to her nerves and nervous system.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for all actual and compensatory damages in an amount in excess of the prevailing federal arbitration limit and for any other further relief as this Honorable Court and/or jury may deem just and proper.

## <u>COUNT SIX- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>
### PLAINTIFF CHRISTOPHER TURNER v. ALL DEFENDANTS

67.     The previous paragraphs are incorporated by reference as though fully set forth at length herein.

68.     Plaintiff witnessed the medical negligence during the labor and delivery of his minor son, L.T., as described herein, and he has been caused to suffer permanent psychological and physical harm, severe emotional and physical distress, depression, anxiety, mental anguish and shock to her nerves and nervous system.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for all actual and compensatory damages in an amount in excess of the prevailing federal arbitration limit and for any other further relief as this Honorable Court and/or jury may deem just and proper.

**FRIEDMAN SCHUMAN, P.C.**

Date:  July 12, 2022                By:  _____

Derek R. Layser (Atty.# 54938)
Melissa Paris Miller (Atty.# 312911)
275 Commerce Drive, Suite 210
Fort Washington, PA 19034
P: 215-690-3817/3828
E: dlayser@fsalaw.com
E: mmiller@fsalaw.com
*Attorneys for Plaintiffs*

## CERTIFICAITON

Under Federal Rule of Civil Procedure 11, by signing below, I, Derek R. Layser, attorney for Plaintiffs, certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**FRIEDMAN SCHUMAN, P.C.**

Date:  July 12, 2022                     By:  _____

Derek R. Layser (Atty. # 54938)
275 Commerce Drive, Suite 210
Fort Washington, PA 19034
P: 215-690-3817
E: dlayser@fsalaw.com
*Attorney for Plaintiffs*